UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**PARNELL WILLIAMS**                                                                        **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 5:21-CV-21-TBR**

**COMMONWEALTH OF GRAVES COUNTY et al.**                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Parnell Williams, filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff names as Defendants the "Commonwealth of Graves County"; state-court judge, the Honorable Deborah Rooks; county attorneys Scott Robinson and Ritchie Kemp; and Alaine W. Champy, a supervisor in the Graves County Child Support Office.

According to the complaint, the genesis of this lawsuit stems from state actions to establish Plaintiff's biological paternity; state child-support proceedings; and criminal proceedings against Plaintiff on charges of flagrant non-support. Plaintiff accuses Defendants of "[s]everal corrupt schemes using illegal processes includes cooperating Judges, Attorneys Agents and members of the Commonwealth that has been perpetrated against Plaintiff for the past three years." Specifically, the complaint alleges civil-rights violations; violations of public officials' oath of office under 5 U.S.C. § 7311; claims under the Racketeering Influenced and Corrupt Organization Act (RICO); Hobbs Act violations; and violations of federal criminal law.

Plaintiff attaches more than 100 pages of exhibits, many of which demonstrate his adherence to tenets of sovereign citizen theory.[1]

As relief, Plaintiff requests only declaratory and injunctive relief.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Claims related to state-court orders for payment of child support

By asking for declaratory and injunctive relief it appears that Plaintiff is seeking the modification or overturning of a state court order deciding the issue of child support. Other than the United States Supreme Court, federal courts are without jurisdiction to adjudicate claims which seek review of a state decision on the ground that the decision violated the federal constitutional rights of one of the parties. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *see also Briscoe v. Jackson*, 285 F. App'x. 205, 207 (6th Cir. 2008); *Scotti v. Brennan*, No. 09-11953, 2009 WL 1689892, at *2 (E.D. Mich. June 16, 2009) ("United States District Courts do not have

---

[1] "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011).

jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.").

Furthermore, domestic relations law is governed by state law and state institutions. Principles of federalism preclude federal court challenges to state court orders in areas of domestic relations, including child-custody and child-support matters. *See, e.g.*, *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979); *Jones v. Child Support Div.*, No. 3:09-CV-89-H, 2009 WL 2240389, at *1-2 (W.D. Ky. July 24, 2009) ("If Plaintiff is dissatisfied with the rulings of a state court, he must either appeal those rulings in a timely manner or request that the court modify its ruling."). Consequently, the Court lacks subject-matter jurisdiction to entertain Plaintiff's challenge to the state court's child-support orders, and this claim will be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## B. *Younger* abstention

It appears from the complaint that criminal charges against Plaintiff were still pending against him at the time he filed his complaint.

When a criminal case remains pending in state court, the Court must abstain and dismiss the action. Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger*, 401 U.S. at 44-45. "A district court may abstain under the *Younger* doctrine if three conditions exist: there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Tr.*, 707 F.3d 699, 701 (6th Cir. 2013) (citations omitted).

3

State criminal matters are an important state interest, *Younger*, 401 U.S. at 44-45, and there is no reason evident from the complaint or other showing by Plaintiff from which this Court could infer that he would be barred from raising constitutional claims in state court. Consequently, claims related to Plaintiff's state-court criminal proceedings will be dismissed. *See, e.g.*, *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (explaining that it is plaintiff's burden to demonstrate that state procedural law bars presentation of his claims).

### C. Civil-rights claims

Even if Plaintiff's claims related to the state-court child support and criminal proceedings could be heard by this Court, Plaintiff's claims that his civil rights have been violated by Defendants are entirely conclusory. Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The Court is not required to accept conclusory and unsupported statements, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001), and these claims will be dismissed for failure to state a claim upon which relief may be granted.

### D. Claim related to violations of oath of office under 5 U.S.C. § 7311

Plaintiff does not state a claim under § 7311. That statute, by its terms, applies only to federal employees and employees of the District of Columbia. No Defendants in this case are employees of the federal government or the District of Columbia. This claim will be dismissed for failure to state a claim upon which relief may be granted.

### E. RICO claim

To state a RICO claim, a plaintiff must allege "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479,

496 (1985)). RICO defines "racketeering activity" to include, among other things, "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . ., which is chargeable under State law and punishable by imprisonment for more than one year[.]" 18 U.S.C. § 1961(1)(A). "A pattern of racketeering activity requires, at minimum, two acts of racketeering activity within ten years of each other." *Heinrich*, 668 F.3d at 409 (citing 18 U.S.C. § 1961(5)). It also requires a showing "'that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity.'" *Id*. (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). To plausibly state a RICO conspiracy claim, "plaintiffs must successfully allege all the elements of a RICO violation, as well as alleging 'the existence of an illicit agreement to violate the substantive RICO provision.'" *Id.* at 411 (quoting *United States v. Sinito*, 723 F.2d 1250, 1260 (6th Cir. 1983)). Finally, a plaintiff advancing a civil RICO claim must allege injury to business or property. *See* 18 U.S.C. § 1964(c).

Plaintiff bears the burden of asserting "[f]actual allegations [that are] enough to raise a right for relief above the speculative level." *Twombly*, 550 U.S. at 555. Here, Plaintiff's civil RICO claim lacks the factual specificity required. Plaintiff's allegations are conclusory and unsupported by specific plausible factual allegations supporting a claim for any of the predicate offenses. Additionally, while the Court must accept as true all of the allegations contained in Plaintiff's complaint, such treatment is not extended to legal conclusions. As the Supreme Court has held, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This claim will be dismissed for failure to state a claim upon which relief may be granted.

*F. Claims under criminal statutes*

The various Title 18 statutes, including the Hobbs Act, to which Plaintiff cites are all criminal statutes which do not give rise to any private civil cause of action. *See, e.g.*, *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); 18 U.S.C. § 2340B ("Nothing in this chapter shall be . . . construed as creating any substantive or procedural right enforceable by law by any party in any civil proceeding.").

To the extent that Plaintiff may be seeking the initiation of criminal charges, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors[.]" *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]"); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). Consequently, Plaintiff's claims based on these statutes must be dismissed.

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss this action.

Date: July 6, 2021

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
Graves County Attorney
4413.009